GIFFEN, J.
These cases involve the question of the legality of the sale of certain lands by the Treasurer at delinquent tax sale, the same being held on the first Monday of February.
Section 2870, Revised Statutes, provides that such sale shall be held by the treasurer on the third Tuesday in January, and this requirement is not changed by section 2864. Mathers v. Lewis, auditor, 18 C. C., 134, followed and approved.
A tender was made on the 6th day of May, 1898, by the plaintiffs to the defendant of the amount of the taxes and penalties; but it is claimed that the defendant was not then the owner of the tax certificates, he having transferred them to Belle M. Irwin, and she to A. Y. Reid, trustee.
At the time of the tender the property appeared upon the tax duplicate, and still remains, in the name of the defendant, J. E. Bull.
Bull, at the time of the tender and subsequent thereto, acknowledged he was the owner of the certificates, and it appears that Reid had notice that a tender had been made to Bull.
In Pollock on Contracts, 209, it is said that “title by assignment is not complete as against a debtor without notice to the debtor, and a debtor who performs his contract to the original creditor without notice of any assignment by the creditor is thereby discharged.”
We think the plaintiffs, being without notice of the assignment, did all they were required to do, and that the tender to J. E. Bull was good.
Decree accordingly